UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORIELLE JOHNSON,

        Plaintiff,

v.

JIM ALEXANDER, et al.,

        Defendants.
_____/

Case No. 2:12-CV-429

Hon. Gordon J. Quist

### ORDER REJECTING REPORT AND RECOMMENDATION

On January 14, 2014, Magistrate Judge Greeley issued a Report and Recommendation (R & R), in which he recommends granting Defendants' motion for summary judgment and dismissing Plaintiff's complaint for failure to exhaust. Plaintiff objected to the R & R, and Defendants responded to Plaintiff's objection. Having conducted a *de novo* review of the R & R, Plaintiff's objection, Defendants' response, and the pertinent portions of the record, the Court concludes that the R & R should be rejected and that Defendants' motion should be denied

*Background*

Plaintiff, Corielle Johnson, was confined at the Marquette Branch Prison during the time period at issue in this case. On October 12, 2012, Plaintiff discovered that his cell had been destroyed and his ear phones were missing. (Dkt. # 6 at 7.) Plaintiff later received information that Defendants had ransacked his cell. (*Id.* at 7-8.) On October 18, 2012, Plaintiff filed a grievance related to the incident.[1] (*Id.* at 8.) Plaintiff did not receive any acknowledgment that his grievance

---

[1] MDOC records indicate that the grievance was received on October 31, 2012. (Dkt. # 21 at 2.) Defendants have not attempted to explain the reason for the discrepancy, but merely state that it is inconsequential. (Dkt. # 38.)

was received. (*Id.* at 8-9)  On October 22, 2012, Plaintiff was notified that he was being placed on modified access for grievances. (*Id.*) Thereafter, Plaintiff requested a grievance form for the incident in his cell, but his request was denied. (*Id.* at 9.)

On November 13, 2012, Plaintiff filed a complaint in the instant action.  On November 27, 2012, Plaintiff's Step I grievance was rejected and returned to him. (*Id.*) Thereafter, Plaintiff appealed the denial to Step II and Step III. (*Id.*) On January 3, 2013, Plaintiff amended his complaint in this action.

*Analysis*

Prior to bringing an action with respect to prison conditions under 42 U.S.C. § 1983, a prisoner must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007). Rather, the failure of a prisoner to exhaust administrative remedies is an affirmative defense, which the defendant bears the burden of establishing. *Id.* To properly exhaust, a prisoner must complete the administrative review process in accordance with the deadlines and other procedural rules. *Id.* at 217-18, 127 S. Ct. at 922-23. The procedural rules and deadlines for inmates within the Michigan Department of Corrections (MDOC) are outlined in MDOC Policy Directive 03.02.130.

MDOC inmates must complete a three-step grievance process. An inmate who is not able to resolve a problem orally must submit a Step I grievance form. MDOC Policy Directive 03.02.130 ¶ P. Upon receipt of that grievance, the Grievance Coordinator assigns a unique identifying number to the grievance. *Id.* at ¶ W. The MDOC must generally provide a response to the grievance within 15 days of its receipt, although that deadline may be extended by up to 15 days. *Id.* at ¶¶ S, X. The inmate must be notified in writing if an extension is approved. *Id.* at ¶ S. If an inmate is dissatisfied

with the Step I response, or does not receive a timely response, he may file a Step II appeal within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶ BB. If the inmate is dissatisfied with the Step II response, he may appeal to Step III. *Id.* at ¶ FF.

An inmate may be placed on "modified access" if he files an excessive number of grievances that are vague, duplicative, or raise non-grievable issues. *Id.* at ¶ HH. While on modified access, an inmate may obtain grievance forms only through the Step I Grievance Coordinator. *Id.* at ¶ KK.

The magistrate judge concluded that Plaintiff had not completed the grievance process before he filed his complaint on November 13, 2012, and thus had not exhausted his administrative remedies. Plaintiff objects to the R & R, arguing that administrative remedies were not available to him. Plaintiff asserts that he believed that prison officials had refused to accept his Step I grievance because he never received any acknowledgment that his grievance was accepted, he was placed on restricted access shortly after filing the grievance, his request for a grievance form was refused, and he did not receive a response to his grievance within the required time frame.

Plaintiff asserts that, after filing a grievance, he typically received a receipt for it. As an example, Plaintiff filed a receipt that he received for a different grievance. (Dkt. # 27 at 2.) That receipt states the date upon which the grievance counselor received the grievance, the date upon which a response was due, and the "grievance identifier." (*Id.*) The receipt states that if a response is not received by the due date, the inmate may request an appeal form, but that the inmate "will need to note on [his] request the grievance identifier that was assigned to [his] grievance." (*Id.*)

An inmate properly exhausts his administrative remedies when prison officials' failure to timely respond to a properly filed grievance renders an administrative remedy unavailable. *See Boyd v. Corr. Corp. of Am.*, 380 F.3d 989 (6th Cir. 2004); *Ward v. Luckey*, No. 12-CV-14875, 2013

WL 5595350, at *7-8 (E.D. Mich. Oct. 11, 2013). Although MDOC policy typically allows an inmate to appeal if he does not receive a timely response, it is not clear that Plaintiff had that option in this case. Plaintiff believed that his grievance was never accepted, and thus that there was nothing to appeal. This belief was based on the fact that he never received a receipt for his grievance, his request for a grievance form was denied, and he did not receive a response to his grievance within the required time period. Furthermore, because Plaintiff never received a receipt for his Step I grievance, he did not have the grievance identifier that he would need to provide for a Step II appeal form.

Defendants do not attempt to explain why Plaintiff never received an acknowledgment that his grievance was received, or why did he not receive a response to his grievance until 40 days after filing the grievance. In fact, Defendants do not address Plaintiff's argument that he was prevented from exhausting his administrative remedies at all. Rather, Defendants simply argue that Plaintiff did not file a Step III grievance until almost two months after he filed his complaint. That fact is established, but it has no bearing on the issue of whether Plaintiff was prevented from appealing his Step I grievance and complying with MDOC policy. Thus, Defendants have failed to provide any evidence rebutting Plaintiff's claim that he exhausted all available administrative remedies.

The Sixth Circuit addressed a similar situation in *Surles v. Andison*, 678 F.3d 452 (6th Cir. 2012). In that case, the defendants moved for summary judgment based on exhaustion. *Id.* In opposing the motion, the plaintiff argued that an MDOC official had refused to process or file his grievance. *Id.* at 457. The defendants did not provide proof to rebut this allegation, but merely argued that the plaintiff had been able to file grievances in the past. *Id.* The Sixth Circuit rejected the defendants' argument, concluding that they had failed to present evidence demonstrating the absence of a genuine dispute of fact as to whether the plaintiff had exhausted his administrative remedies. *Id.* at 458.

4

As the Sixth Circuit made clear, Defendants bear the burden of production and persuasion on the issue of exhaustion. *See id.* Defendants have failed to provide any evidence rebutting Plaintiff's claim that he exhausted all administrative remedies that were available to him. Thus, Defendants have not met their burden and are not entitled to summary judgment on the issue of exhaustion. Accordingly, this case will proceed on the merits.[2]

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed January 14, 2013 (dkt. # 35), is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (dkt. # 20) is **DENIED**.


Dated: March 27, 2014                                     /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE

---

[2] In a previous case, the Court remanded a case to the magistrate judge for fact-finding on the issue of exhaustion. *Travis v. Morgridge*, No. 1:12-CV-96, 2013 WL 227665 (Jan. 22, 2013). The order in that case thoroughly explained that exhaustion is not an issue for a jury, and found that a hearing before the magistrate judge was warranted. *Id*. Because Defendants have failed to come forward with any argument—let alone evidence—refuting Plaintiff's claim that he was prevented from appealing his Step I grievance before filing this suit, a hearing is unnecessary in this case.