UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORIELLE JOHNSON,

        Plaintiff,                               Case No.  2:12-CV-429

v.                                          Hon. Gordon J. Quist

JIM ALEXANDER, et al.,

        Defendants.

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

On December 17, 2014, Magistrate Judge Greeley issued a Report and Recommendation in which he recommended that the Court dismiss Plaintiff's claims against Defendant LaRock for failure to exhaust and allow Plaintiff's claims against Defendants Nadeau, Viitala, and Marshall to proceed.  Defendants have objected, arguing that Plaintiff's only evidence against Defendants is inadmissible hearsay.  Having conducted a *de novo* review of the R & R, Defendants' objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

Plaintiff claims that Defendants ransacked his cell and took his possessions in retaliation for Plaintiff filing grievances.  Plaintiff did not witness the events in question, but alleges that other prisoners told him that they witnessed Defendants tear apart Plaintiff's cell while discussing Plaintiff's grievances.  Plaintiff alleges that Marshall and Viitala later told Plaintiff they had flipped over his files "in jest," and Nadeau admitted to Plaintiff that he had been in Plaintiff's cell and referenced grievances that Plaintiff had filed.

The magistrate judge concluded that there is a genuine dispute of fact regarding whether Defendants had ransacked Plaintiff's cell in retaliation for Plaintiff's protected conduct of filing grievances.  Defendants objected, arguing that the sole evidence of retaliation is Plaintiff's testimony regarding what other prisoners told him, and that such evidence is inadmissable hearsay.[1]

In support of their summary judgment motion, Marshall and Viitala filed affidavits denying that they removed or destroyed property in Plaintiff's cell or discussed Plaintiff's grievances. Plaintiff has testified that other prisoners told him facts to the contrary.  However, Plaintiff's testimony regarding what other prisoners told him is hearsay, and may not be considered on summary judgment.  *See United States v. Rodriguez-Lopez*, 565 F.3d 312, 314 (6th Cir. 2009); *Carter v. Univ. of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003).  The only remaining evidence against Marshall and Viitala is their alleged statement to Plaintiff that they flipped over his files in jest. That statement, however, does not suggest Marshall and Viitala took such action in retaliation. Because Plaintiff has failed to provide admissible evidence that there was a causal connection between the actions of Marshall and Viitala and Plaintiff's protected conduct, those defendants are entitled to summary judgment.  *See Bell v. Johnson*, 308 F.3d 594, 602 (6th Cir. 2002) (listing the elements of a retaliation claim).

With regard to Nadeau, however, Plaintiff has presented sufficient evidence to defeat summary judgment.  Plaintiff alleges that Nadeau told Plaintiff that Nadeau had been in Plaintiff's cell, referenced Plaintiff's grievances, and then stated "you know how it goes."  Plaintiff's testimony is sufficient to create an issue of fact regarding the retaliation claim against Nadeau.

---

[1] In their motion for summary judgment, Defendants did not argue that Plaintiff's evidence was inadmissible hearsay.  As such, the argument contained in Defendants' objection was not squarely presented to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (explaining that parties may not raise new arguments before the district court that were not presented to the magistrate judge).  Nonetheless, because Defendants' brief noted that Plaintiff's allegations were based "not on what he witnessed or experienced, but on what he says others told him," (dkt. #49 at Page ID#189), the Court will consider Defendants' hearsay argument.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed December 17, 2014 (dkt. # 53), is **ADOPTED in part and REJECTED in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (dkt. # 48) is **GRANTED in part and DENIED in part**.  Plaintiff's claims against Defendants LaRock, Marshall, and Viitala are **DISMISSED with prejudice**.  Plaintiff's claims against all Defendants in their official capacity are **DISMISSED with prejudice**.  Plaintiff's claim against Defendant Nadeau in his individual capacity will proceed.


Dated:  February 11, 2015                                            /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                                UNITED STATES DISTRICT JUDGE